FILED
MAR 29 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY R. HUGHES, ) | |
| ) | Civil No. 07-1850-JE |
| Plaintiff, ) | |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

David B. Lowry
Columbia Business Center, Suite 235
9900 Southwest Greenburg Road
Portland, Oregon 97223

    Attorney for Plaintiff

Kent Robinson
United States Attorney, District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 Southwest Third Avenue, Suite 600
Portland, Oregon 97204-2902

FINDINGS & RECOMMENDATION - 1

      Leisa A. Wolf
      Special Assistant United States Attorney
      Office of the General Counsel
      Social Security Administration
      701 Fifth Avenue, Suite 2900 M/S 901
      Seattle, Washington 98104-7075

      Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Anthony Hughes moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The motion should be denied.

### Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on August 24, 2000, alleging that he had been disabled since November 5, 1998. After his applications were denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge (ALJ). A hearing was held before ALJ Joseph Schloss on March 13, 2002.

In a decision filed on August 1, 2003, ALJ Schloss found that plaintiff was not disabled within the meaning of the Social Security Act (the Act). Pursuant to plaintiff's request for review, on October 27, 2004, the Appeals Council remanded plaintiff's claims for rehearing.

On August 5, 2005, a hearing was held before ALJ Catherine Lazuran. In a decision filed on March 25, 2006, ALJ Lazuran found that plaintiff was not disabled. That decision became the final decision of the Commissioner of Social Security (the Commissioner) on November 13, 2007, when the Appeals Council denied plaintiff's request for review.

Plaintiff brought the present action seeking review of that decision. In a Findings and Recommendation filed on September 9, 2009, I recommended affirming the Commissioner's decision. That recommendation was adopted by the Honorable Garr King in an Order filed on September 29, 2009, and a Judgment was entered dismissing this action with prejudice.

Plaintiff sought review of that decision by the United States Court of Appeals for the Ninth Circuit (the Ninth Circuit). In a decision filed on November 12, 2010, the Ninth Circuit reversed the decision of the district court and directed this court to remand the action to the Social Security Administration for an award of benefits. Two of the judges on the 3-judge panel concluded that the ALJ had improperly rejected the opinions of one of plaintiff's treating physicians, had improperly rejected statements of lay witnesses, and had erred in her assessment of plaintiff's residual functional capacity. Judge Clifton disagreed, and would have affirmed the Commissioner's decision. He concluded that the ALJ had provided sufficient support for her rejection of the treating physician's opinion and the testimony of lay witnesses, and that the ALJ's hypothetical question to the vocational expert "properly presented" plaintiff's residual functional capacity.

Plaintiff now moves to recover attorney fees in the amount of $14,864.69, expenses in the amount of $9.87, and costs in the amount of $20.00. He contends that he should recover these amounts because the Commissioner's decision was not substantially justified. The Commissioner disagrees, and opposes the motion on the grounds that the government's position at the administrative level and before this court was substantially justified.

**Discussion**

A plaintiff who prevails in an action like this, which challenged an adverse decision by the Commissioner, is entitled to recover attorney fees and expenses unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1(A). In opposing an award of attorney fees, the Commissioner has the burden of establishing that his position was "substantially justified" on the issue on which the remand was based. Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's position was "substantially justified" if it met "the traditional reasonableness standard–that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.' " Id. (citations omitted). A position "can be substantially . . . justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988).

In light of plaintiff's successful appeal, I recognize that I erred in concluding that the government's position was correct. However, having again reviewed the parties' contentions and my recommendation in the underlying action, Judge King's Order adopting my recommendation, and Judge Clifton's dissent on appeal, I can only conclude that a reasonable person could think that the government's position was correct, and therefore was "substantially justified." See Bay Area Peace Navy v. United States, 914 F.2d 1224, 1231 (9th Cir. 1990) (split of opinion in appellate panel concerning correctness of government's position in underlying action supports conclusion that government's position was substantially justified); Van Sickle v. Astrue, ___ WL ___ (9th Cir. Nov. 30, 2010) (citing Bay Area Peace Navy as support for conclusion that, where divided panel reversed denial of application for Social Security benefits, government's position in underlying action was "substantially justified). Accordingly, I recommend denying plaintiff's motion to recover attorney fees and costs.

FINDINGS & RECOMMENDATION - 4

## Conclusion

Plaintiff's motion to recover EAJA attorney fees and costs (# 47) should be DENIED.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 15, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of March, 2011.

/s/ John Jelderks
John Jelderks
United States Magistrate Judge